**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

HERIBERTO GONZALES-BONILLA,   :
                              :    Civil Action No. 05-1174 (FLW)
            Petitioner,       :
                              :
       v.                     :    **OPINION**
                              :
WARDEN JOHN NASH,             :
                              :
            Respondent.       :

**APPEARANCES**:

| Petitioner pro se | Counsel for Respondent |
|---|---|
| Heriberto Gonzales-Bonilla | John Andrew Ruymann |
| #53767-060 | Asst. U.S. Attorney |
| F.C.I. Fort Dix | 402 East State Street |
| Bldg. #5811 | Room 430 |
| P.O. Box 7000 | Trenton, NJ 08608 |
| Fort Dix, NJ 08640 | |

**WOLFSON**, District Judge

Petitioner Heriberto Gonzales-Bonilla, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence pursuant to which he is confined.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## I.   BACKGROUND

Pursuant to a plea agreement, Petitioner pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), in the United States District Court for the Northern District of Ohio.  On December 20, 2001, the Court sentenced Petitioner to a term of 78 months imprisonment, to be followed by four years of supervised release. In determining the applicable sentencing range under the United States Sentencing Guidelines, the Court granted a 2-level increase for obstruction of justice and a three-level decrease for acceptance of responsibility, with a total adjusted offense level of 25.

Petitioner did not appeal the conviction or the sentence. Nor did Petitioner file a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  Petitioner contends that his counsel was ineffective for advising him that he could not appeal the sentence or challenge it collaterally.

On March 1, 2005, this Court received this Petition for writ of habeas corpus, which is dated February 25, 2005.  Here, Petitioner contends that the sentence is illegal because the

obstruction-of-justice enhancement applied by the sentencing court was not agreed to in the plea agreement or determined by a jury beyond a reasonable doubt.  See United States v. Booker, 125 S.Ct. 738 (2005).[2]

Respondent has moved to dismiss the Petition for lack of jurisdiction, asserting that Petitioner must bring his claim under § 2255, in the jurisdiction of conviction.

## II.   ANALYSIS

Petitioner contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective," in that any claim under § 2255 is now time-barred.[3]  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  124 S.Ct. at 2536-37 (internal quotations omitted.)  Most recently, in United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, ... ."

As noted by the Court of Appeals for the Third Circuit in <u>Dorsainvil</u>, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. <u>See also</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. <u>Id.</u> To the contrary, the

court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  See Smith v. Nash, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.). The mere fact that a claim is time barred does not render § 2255

an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Thus, the Petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[4] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.[5]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner admits, in this case, that any § 2255 motion would be time barred, no purpose would be served by a Miller notice.

[5] The Court notes that, even if it possessed jurisdiction over this claim, it could not grant Petitioner any relief.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), petition for cert. filed (Aug. 5, 2005) (No. 05-5769).

As the Court of Appeals for the Sixth Circuit has held that Booker does not apply retroactively to cases on collateral review, see Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005), petition for cert. filed (May 17, 2005) (No. 05-5130), it does not appear that it would be in the interest of justice to transfer this otherwise time-barred matter to the district of conviction.  This Court will dismiss the Petition without prejudice, should the U.S. Supreme Court subsequently hold that Booker is retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2255.

### III.   CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Docket Entry No. 6) will be granted and this action will be dismissed without prejudice.  An appropriate order follows.

 S/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: August 23, 2005